

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 26, 1939

Hon. Clint A. Barham
County Attorney
Erath County
Stephenville, Texas

Dear Sir:

Opinion No. O-428
Re: Does the described number system
constitute a lottery in violation
of Penal Code 654?

Your request for an opinion on the above stated question has been received by this office.

We want to thank you for the able brief submitted with your inquiry which has been helpful in passing upon your question.

Your letter reads in part as follows:

"I would like to have your opinion as to whether a certain number system constitutes a violation of our lottery statute. One of our local theaters sets aside each week a night called 'Hot Seat Night'. On each seat in the theater there is a number. All of those paying for their admission sit in these numbered seats during the progress of the show, and at the end of the show one of the show attendants rolls a barrel-shaped wheel around containing all the numbers on the seats on small tickets. Some one is chosen to draw a number and the man sitting in the seat whose number corresponds with the number that is drawn is given the money award. In addition to this the admission on this particular night is five cents higher than it is on the other week nights."

Hon. Clint A. Barham, April 26, 1939, Page 2

Section 47, Article 3 of the State Constitution reads as follows:

"The Legislature shall pass laws prohibiting the establishment of lotteries and gift enterprises in this state, as well as the sale of tickets in lotteries, gift enterprises or other evasions involving the lottery principle, established or existing in other states."

Article 654 of the Penal Code reads as follows:

"If any person shall establish a lottery or dispose of any estate, real or personal, by lottery, he shall be fined not less than one hundred nor more than one thousand dollars; or if any person shall sell, offer for sale or keep for sale any ticket or part ticket in any lottery, he shall be fined not less than ten nor more than fifty dollars."

The term "lottery" has no technical signification in the law, and since our statute does not provide a definition, its meaning must be determined from popular usage. According to that test, a lottery is a scheme for the distribution of prizes by lot or chance among those who have paid or have agreed to pay a consideration for the right to participate therein, or the distribution itself. State vs. Randle, 41 Tex. 292; Featherstone vs. Independent Service Station Association of Texas, 10 SW 2nd 124; Boatright vs. State, 38 SW 2nd 87; Tex. Jur. Vol. 28, page 409.

In the case of Featherstone vs. Independent Service Station Association, supra, the court gave the following definition to a lottery:

"A lottery for all practical purposes may be defined as any scheme for the distribution of prizes, by lot or chance, for one on paying money or giving other thing of value to another obtains a token which entitles him to receive a larger or smaller value or nothing, as some formula or chance may determine."

Hon. Clint A. Barham, April 26, 1939, Page 3


The Federal Circuit Court of Appeals in the case of Peek vs. United States, 61 Fed 2nd 973, defined a lottery as:

"A scheme for the distribution of prizes or things of value by lot or chance among persons who have paid or agreed to pay a valuable consideration for the change to obtain a prize. A scheme by which a result is reached by some action or means taken, in which result man's choice or will has no part, nor can human reason, sagacity or design enable him to know or determine until the same has been accomplished."

The Supreme Court in the case of City of Wink vs. Griffit Amusement Co., 100 SW 2nd 695, used the following language:

"Where a theater conducted 'Bank Night' at whihh money was awarded, after showing of the moving picture, by drawing number from unique paraphernalia by members of audience, that public could participate without paying admission or without entering theater did not prevent the scheme from being lottery.

"Chance at a prize designated as free and given with purchase is not in fact free though article purchased is worth full price as respects whether transaction constitutes a lottery but payment for chance is embraced in part of purchase price."

In the case of Grant vs. State, 112 SW 1068, the court held, among other things, that:

"Every drawing, where money or property is offered as prizes to be distributed by chance according to a specified scheme or plan and a ticket or tickets sold which entitles the holder to money or property and which is dependent upon chance, is a lottery."

You are respectfully advised that it is the opinion of this Department that a number system used by a theater where each seat in the theater is numbered and where a ticket is selected or drawn from a number of tickets containing all the numbers on the seats and a money award or other thing of value is given to the person sitting in the seat that has a number corresponding with the number drawn is a lottery and the operation thereof is a violation of Article 654 of the Penal Code.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS